UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**JAVAID PERWAIZ,**

        Petitioner.

v.                                         **CIVIL NO. 2:25-cv-659**
                                     **[ORIGINAL CRIMINAL NO. 2:19-cr-189]**

**UNITED STATES OF AMERICA,**

        Respondent.

## OPINION AND ORDER

This matter comes before the court on Petitioner's Response to the Government's Motion to Compel Disclosure of Information from Former Defense Counsel, which is deemed filed on January 8, 2026, though received by the court and docketed on January 20, 2026.[1] ECF No. 312 ("Response"). Petitioner objects to the United States' Motion to Compel the production of communications and affidavits by Petitioner's former trial counsel, Lawrence Woodward and Emily Munn, and former appellate counsel, Jonathan Byrne (collectively, "Former Counsel"). Id.; see ECF No. 308 ("Motion to Compel"). Petitioner has also filed a Motion for Reconsideration

---

[1] The court considers Petitioner's Response as effectively filed on the date he certifies that he placed it in his institutional mailing system. See Johnson v. United States, No. 4:13-cv-111, 2013 WL 12097823, at *1 n.1 (E.D. Va. Sept. 9, 2013) (Smith, C.J.) (citing Houston v. Lack, 487 U.S. 266 (1988) (articulating the "prison mailbox rule")).

pursuant to Federal Rule of Civil Procedure 54(b), ECF No. 313 ("Motion for Reconsideration"), of the court's Order dated January 13, 2026, ECF No. 310, which Order granted the United States' Motion to Compel.

I.

On October 6, 2025,[2] Petitioner filed a pro se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. ECF No. 306 ("Petition"). The Petition raises ten (10) claims alleging constitutionally defective assistance of trial and appellate counsel. Id. at 10-12; see Strickland v. Washington, 466 U.S. 668 (1984). On November 21, 2025, the court found the Petition timely and directed the United States to respond within sixty (60) days. ECF No. 307. On December 22, 2025, the United States filed its Motion to Compel, seeking production of communications between Petitioner and Former Counsel relevant to Petitioner's Strickland claims, as well as affidavits containing discussion of "all information and advice imparted to and received from Defendant regarding issues raised in the § 2255 motion." ECF No. 308 at 6. The United States argued that production of these communications and affidavits is necessary for the United States to address Petitioner's Strickland claims. Id. at 1. The United States also

---

[2] See supra note 1.

sought an extension to respond to the Petition sixty (60) days after receipt of affidavits from Former Counsel. Id. at 7.

On January 13, 2026, twenty-two (22) days after the Motion to Compel was filed, the court granted the United States' Motion to Compel for good cause shown. ECF No. 310. The court found that by raising Strickland claims in his Petition, Petitioner had waived his attorney-client privilege and right to confidentiality with respect to issues raised by such claims. Id. ¶ 1. Petitioner's Response to the Motion to Compel was received by the court on January 20, 2026, due to an apparent delay in the mail. ECF No. 312.[3] Petitioner opposes the United States' Motion to Compel as improper, asserts attorney-client and work product privilege over "each and every potentially responsive record," and seeks to have relevant communications turned over first to Petitioner so he can prepare a privilege log and selectively assert or waive applicable privileges. Id. at 7-8. In light of the court's delayed receipt of Petitioner's Response, the court will address it herein, and thereafter address his Motion for Reconsideration of the court's Order of January 13, 2026, granting the Motion to Compel.

---

[3] See supra note 1 and accompanying text.

## II.

The court first addresses Petitioner's argument that the United States' Motion to Compel is improper under Rule 6 of the Rules Governing Section 2255 Proceedings ("Section 2255 Rule 6"). Section 2255 Rule 6 permits the court to authorize discovery, but neither Petitioner nor Respondent is "entitled to discovery as a matter of ordinary course." See Bracy v. Gramley, 520 U.S. 899, 904 (1997). Rather, the court may grant a discovery request for "good cause," Section 2255 Rule 6(a), and the court may deny discovery requests that are "too broad" or "unspecific," United States v. Wilson, 901 F.2d 378, 382 (4th Cir. 1990).

The United States argues that discovery of communications and information concerning Former Counsel's strategic and investigative decisions at trial, sentencing, and on appeal are "necessary for the government to respond" to the Petition. ECF No. 308 at 1. As stated in the court's Order dated January 13, 2026, the court agrees that good cause exists for discovery. ECF No. 310 at 1. Because Petitioner has raised ten (10) ineffective assistance of counsel claims concerning investigative decisions and strategic decisions at trial, sentencing, and on appeal, see generally ECF No. 306, "inquiry into counsel's conversations with the defendant may be critical to a proper assessment of counsel's investigation decisions, just as it may be critical to a proper

4

assessment of counsel's other litigation decisions," Strickland, 466 U.S. at 691.

Petitioner objects to the United States' requested discovery as being too broad or unspecific, arguing that the Motion to Compel "does not specify any records, associate those records with any [ground for relief], or explain why they cannot answer that [ground for relief] without those records." ECF No. 312 at 7. The court disagrees for two (2) reasons. First, the United States has tailored its discovery requests and seeks only communications and information "relating to the issues raised in the § 2255 motion on which Defendant has waived any privilege or other claim of confidentiality or which are not otherwise subject to a claim of privilege or confidentiality." ECF No. 308 at 6. Second, Petitioner's argument that the United States should specify relevant records and individually justify their production would subject the United States to an impossible standard. The United States cannot specify relevant records in the possession of Former Counsel absent intimate knowledge of their confidential and privileged files, to which the United States does not have access without proper discovery.

Petitioner also argues that the discovery sought by the United States is properly obtained by subpoena. ECF No. 312 at 7-8. In fact, if discovery is supported by good cause, the court may "utilize familiar procedures, as appropriate, whether these are

5

found in the civil or criminal rules or elsewhere in the 'usages and principles of law.'" United States v. Miller, No. 1:17-cr-213, 2024 WL 4170659, at *9 (E.D. Va. Sept. 11, 2024) (Alston, J.) (quoting Harris v. Nelson, 394 U.S. 286, 300 (1969)). The court notes that requiring the United States to seek requested discovery by subpoena would contravene prevailing practice in this district and elsewhere in the country. An order compelling production of relevant documents by Former Counsel is appropriate, and third-party discovery is unnecessary given the appearance of Former Counsel in this matter as officers of the court. See, e.g., United States v. Champion, 794 F. App'x 289 (4th Cir. 2020); United States v. Barefoot, 609 F. App'x 157, 158 (4th Cir. 2015); United States v. Juan, 48 F. Supp. 3d 853, 860 (E.D. Va. 2014) (Payne, J.); United States v. Moody, No. 4:19-cr-51, 2024 WL 1201633, at *1 (E.D. Va. Mar. 20, 2024) (Walker, J.); see also Section 2255 Rule 6 advisory committee's note to 1976 adoption (describing § 2255 proceedings as a "continuing part of the criminal proceeding").

Accordingly, the court continues to deem the United States' Motion to Compel procedurally proper and supported by good cause.

### III.

The court next addresses Petitioner's assertion of privilege over the communications and information sought by the United States. See ECF No. 312 at 7. Petitioner asserts the

6

attorney-client and attorney work product over "each and every potentially responsive record." Id. He claims that the communications and information in question "must be turned over to [Petitioner] so he can review them and make a decision whether or not to waive his privilege." Id. If Petitioner chooses not to waive his privilege, he would "provide the Court and the United States with a privilege log." Id. Then, "if the United States rejects his assertion of privilege," he would "provide the records to the court for an in camera review." Id.

Petitioner appears to misunderstand the current posture of discovery. The United States does not seek documents that remain protected by privilege. See ECF No. 308 at 6. Nor does the United States argue that the discovery it seeks was never protected by privilege or attorney-client confidentiality. See id. Rather, the United States argues that Petitioner waived his attorney-client privilege and right of confidentiality "with respect to the issues raised in the [P]etition," and seeks production of communications and information relevant to those issues, within the scope of Petitioner's current waiver in respect to issues raised in the Petition, and not otherwise protected by privilege. Id. at 6.

The court need not recite the plethora of case law holding that a "petitioner who claims ineffective assistance of counsel in a habeas petition waives the protection of attorney-client privilege over information that is relevant to those claims."

7

Courtade v. United States, 243 F. Supp. 3d 699, 702 (E.D. Va. 2017) (Smith, C.J.) (quoting LaBorde v. Virginia, No. 1:10-cv-493, 2011 WL 2358510, at *2 (E.D. Va. June 9, 2011) (Ellis, J.)) (collecting cases). This waiver rule is "rooted in fairness." Id. A habeas petitioner may not abuse a privilege "by asserting claims the opposing party cannot adequately dispute unless it has access to the privileged materials." Id. (quoting Bittaker v. Woodford, 331 F.3d 715, 719 (9th Cir. 2003)). In short, a habeas petitioner cannot wield privileges as "both a shield and a sword." Id. (quoting Bittaker, 331 F.3d at 719).

As stated in the court's January 13, 2026, Order, by filing his Petition, Petitioner has already waived applicable privileges and his right to confidentiality with respect to issues raised by his Strickland claims. ECF No. 310; see Courtade, 243 F. Supp. 3d at 702.[4] Former Counsel are not, as Petitioner argues, in the position of waiving his privilege over relevant attorney-client communications and information. See ECF No. 312 at 7. Permitting

---

[4] Petitioner's Response asserts attorney work product privilege, in addition to the attorney-client privilege, over the communications and information sought by the United States. ECF No. 312 at 7. The principle of fairness underlying Petitioner's waiver of the attorney-client privilege, see Courtade, 243 F. Supp. 3d at 702, is no less applicable in the context of the attorney work product privilege, see, e.g., Bittaker, 331 F.3d at 722 n.6. The court accordingly deems that Petitioner waived the attorney work product privilege over communications and information in the possession of Former Counsel and relevant to the Strickland claims raised in the Petition.

8

Petitioner to preliminarily review relevant records and then selectively reassert or waive applicable privileges would unfairly permit Petitioner to wield privilege as "both a shield and a sword." Courtade, 243 F. Supp. 3d at 702. Accordingly, the court declines to permit Petitioner to preliminarily review the documents sought by the United States, prepare a privilege log, or to selectively reassert applicable privileges for the purposes of this § 2255 proceeding.[5]

Petitioner is correct that the court may not delegate responsibility to decide privilege issues to another branch of government. ECF No. 312 at 6 (citing In re Search Warrant Issued June 13, 2019, 942 F.3d 159, 177-78 (4th Cir. 2019)). But the court has not delegated such responsibility by granting the United States' Motion to Compel. The court, not the United States, has determined that Petitioner waived applicable privileges and his right to confidentiality with respect to issues raised in the Petition. ECF No. 310 at 1. The court has also ordered Petitioner's Former Counsel to produce communications and information relevant

---

[5] As Petitioner notes, a prisoner does not "completely waive" applicable privileges by bringing Strickland claims in a § 2255 motion. ECF No. 312 at 4 (citing United States v. Nicholson, 611 F.3d 191, 217 (4th Cir. 2010)). If Petitioner persuades the court to vacate, set aside, or correct his sentence, Petitioner may seek a protective order limiting the use of privileged materials and restoring him "to the position he would have occupied, had the first trial [or sentencing] been constitutionally error-free." Courtade, 243 F. Supp. 3d at 702 (citing Nicholson, 611 F.3d at 217); see Bittaker, 331 F.3d at 722-23.

to Petitioner's Strickland claims and within the scope of Petitioner's waiver. Id. at 1-2. If necessary, Former Counsel may redact portions of correspondence beyond the scope of Petitioner's waiver. Id. at 1. Furthermore, to the extent it is unclear whether specific communications or information fall within the scope of Petitioner's waiver, the court has ordered Former Counsel and the United States to seek guidance from the court "as to any information or documents for which the extent of Petitioner's waiver is not clear." Id. at 2. Moreover, Petitioner would have notice and an opportunity to respond, if such guidance is sought. In addition, the court would not consider any information or documents in ruling on the Petition that the court considers to be privileged and not waived by the filing of the Petition. Therefore, the United States is not, as Petitioner insinuates, in a position to "rummage through attorney-client communications." ECF No. 312 at 7 (quoting In re Search Warrant, 942 F.3d at 176).

For the foregoing reasons, the court continues to find that by filing the Petition, Petitioner waived his attorney-client privilege and right to confidentiality under federal law and under Virginia Rule of Professional Responsibility 1.6 with respect to issues raised in the Petition, as stated in the court's January 13, 2026 Order. ECF No. 310 at 1.[6]

---

[6] See supra notes 4, 5 and accompanying text.

## IV.

Finally, the court addresses Petitioner's Motion for Reconsideration, ECF No. 313. Under Federal Rule of Civil Procedure 54(b), the court may revise interlocutory orders "at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed.R.Civ.P. 54(b); see Fayetteville Invs. v. Com. Builders, Inc., 936 F.2d 1462, 1469 (4th Cir. 1991). As a general principle, allowing litigants a "second bite at the apple" is "disfavored." Nadendla v. WakeMed, 24 F.4th 299, 304 (4th Cir. 2022) (quoting Cray Commc'ns, Inc. v. Novatel Comput. Sys., Inc., 33 F.3d 390, 395 (4th Cir. 1994)). District courts should not "reevaluate the basis upon which it made a prior ruling, if the moving party merely seeks to reargue a previous claim." First Am. Title Ins. Co. v. Chesapeake Holdings GSG, LLC, 633 F. Supp. 3d 789, 804 (E.D. Va. 2022) (Ellis, J.) (quoting United States v. Smithfield Foods, Inc., 969 F. Supp. 975, 977 (E.D. Va. 1997) (Smith, J.)). Rather, a motion to reconsider is appropriate where the court has "patently misunderstood a party," has "made a decision outside the adversarial issues presented to the Court," or where there has been a "significant change in the law or facts since the submission of the issue to the court." Id. (quoting Glenn v. Inland Container Corp., No. 3:92-cv-27, 1992 WL 521517, at *1 (E.D. Va. May 13, 1992) (Spencer, J.)).

Here, Petitioner requests that the court reconsider its January 13, 2026, Order, ECF No. 310, and revise it pursuant to Federal Rule of Civil Procedure 54(b) "so as to adequately protect his interests." ECF No. 313 at 3. Petitioner asks that the court reconsider its Order on the basis that the court did not receive or consider his Response. Id. at 1-2. In light of the court's delayed receipt of Petitioner's Response in the mail,[7] the court has considered and addressed the Response, ECF No. 312, in this Opinion and Order.[8] Therefore, insofar as Petitioner seeks reconsideration of the court's Order, ECF No. 310, on the basis that the court did not receive or consider the Response, Petitioner's Motion for Reconsideration is moot. Moreover, the Motion for Reconsideration asserts no other new basis of merit or substance to warrant reconsideration, see ECF No. 313 at 3, and the Motion for Reconsideration is otherwise denied, see First Am. Title Ins., 633 F. Supp. 3d at 804.

V.

For the reasons stated herein, the court's Order dated January 13, 2026, ECF No. 310, remains in full force and effect. Petitioner's Motion for Reconsideration, ECF No. 313, is **DENIED.**

---

[7] See supra note 1 and accompanying text.

[8] See supra sections II, III.

The Clerk is **DIRECTED** to forward a copy of this Opinion and Order to Petitioner; to the United States Attorney at Norfolk; and to Petitioner's Former Counsel, Lawrence Woodward, Emily Munn, and Jonathan Byrne.

**IT IS SO ORDERED.**

/s/ Rebecca Beach Smith
Senior United States District Judge

REBECCA BEACH SMITH
SENIOR UNITED STATES DISTRICT JUDGE

February 4, 2026